F. W. ORTH v. E. A. PEASE.[1]

November 15, 1900.

Nos. 12,290—(70).

**Replevin—Verdict Sustained by Evidence.**

In an action for its recovery by one claiming to be the owner of personal property, evidence examined, and *held* to support the verdict.

**Exception to Charge—Burden of Proof.**

An exception to the court's charge on the question of burden of proof *held* to be not well taken.

Action in the district court for Redwood county to recover possession of grain and hay, or $900, the value thereof, and $100 damages for the detention. The case was tried before Webber, J., and a jury, which rendered a verdict that defendant was owner and en-

[1] Reported in 84 N. W. 122.

titled to possession and that the value of his special property was $360.34. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*John H. Bowers* and *W. A. McDowell*, for appellant.

*Baldwin & Howard* and *Albert Hauser*, for respondent.

LEWIS, J.

This action was commenced by plaintiff to recover the possession of certain farm produce. Defendant alleged that he was in possession as sheriff under a writ of attachment issued in an action against one Thompson. Verdict for defendant, and plaintiff appeals from an order denying a new trial.

The sheriff being in possession, the burden of proving ownership or right of possession was on the plaintiff. The only evidence in support of plaintiff's claim was his own testimony. He testified that he held a lease of certain premises, and that he sublet them to Thompson. His statement of the contract was in these words:

"The conversation was this: Mr. Thompson told me that he would farm that land, and out of the proceeds of the farm, after paying the expenses of running it, I was to receive, over and above the expenses of running it, to apply on the indebtedness that I had against him, all that was received from the farm, and, after that was paid, the balance to be Mr. Thompson's."

The court instructed the jury that this contract meant that plaintiff employed Thompson to cultivate the land, and that plaintiff would apply his share of the crop, or proceeds thereof, to the payment of any indebtedness that might be owing from Thompson to him; the balance, if any, to belong to Thompson. The jury were instructed to find who was the owner of the property levied upon, and what, if anything, had been paid plaintiff out of the crop. The court then stated to the jury that they were the judges of the facts, that they might have understood the plaintiff's statement differently, that it was not very clear, and to rely on their understanding of the facts. The only exception taken was that the charge ought to have been qualified, to the effect that when plaintiff proved he was the owner of the property, it was incumbent on the defendant to prove that such ownership had ceased.

Conceding this exception to have been sufficient to call upon the court to make such qualification, the point was not well taken. The burden of proving his case remained with the plaintiff, and was to be determined upon the whole evidence as to plaintiff's title or right of possession. Defendant's right to possession may not have been sustained, yet it does not follow that plaintiff could take advantage of that fact. The court instructed the jury that defendant was justified in seizing Thompson's grain, and no exception was taken to that charge. We cannot pass upon its correctness, and we cannot consider whether the evidence on that point is sufficient. It therefore becomes immaterial whether the judgment roll introduced by defendant was admissible or not. We are fully satisfied that the verdict is sustained by the evidence, and we find no reversible error in the rulings of the court.

Order affirmed.